UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LAUREN VIUP                                                                                              PLAINTIFF

v.                                        CIVIL ACTION NO: 3:25-CV-00001-DJH-CHL (*e-filed*)

MERRICK GARLAND, in his official
capacity as ATTORNEY GENERAL
OF THE UNITED STATES                                                                         DEFENDANT

## MOTION TO DISMISS

Plaintiff Viup's sexual harassment and hostile work environment claims are time barred, because she alleges they occurred from March 2021 to February 2022, and she first initiated EEO contact on April 13, 2023 and filed her EEO complaint on July 26, 2023, over a year past the 45 day time period afforded for EEO complaints. Viup never administratively exhausted a retaliation claim. The Court should dismiss those three counts of her Complaint and any discrimination allegations other than for her March, 2023 suspension under Fed. R. Civ. Pr. 12(b)(6) because they are unexhausted and time barred.

**I.      Procedural history**

Lauren Viup was an ATF agent in Louisville from April 2019 to February 2022, prior to her requested transfer to Albany, New York. (Doc. 1, Complaint, at 2, 14-15, ¶¶ 9, 11, 12, 110-113.). Viup admitted during a February, 2022 internal affairs investigation her contemporaneous knowledge that an agent with whom she was in a romantic relationship improperly took firearms and ammunition from a search warrant scene to her home in July 2020, and improperly left that evidence in her home for months, and that she did not report that misconduct. (*Id*. at 15-16, ¶¶ 115-123.). In February 2023, Viup was given a proposed five day suspension for failing to

timely report employee misconduct, in violation of ATF policy. (*Id*. at 16, ¶¶ 124-125.). Although Viup acknowledges that untimely reporting of ATF employee misconduct is significant and that her failure to do so was a mistake, she appealed her suspension, and it was upheld in March, 2023. (Doc. 13-3 at 5; Doc. 1 at 16, ¶¶ 126-127.).

During her ATF employment, Viup completed mandatory No Fear Act Roll Call Training on May 31, 2019; June 11, 2020; and December 27, 2023. (Exh. 1, Diconi Dec. at 1-2, ¶¶ 3-4; 3, "Completed Items".). In that training, Viup's employer explicitly informed her that if she felt she had been a victim of discrimination or retaliation, she should contact an EEO Officer or counselor within 45 days of the discriminatory or retaliatory event. (*Id*. at 2, ¶¶ 4-7; 16, "Filing a Complaint".). That training also informed Viup that she could call a specific telephone number at the Office of EEO for additional assistance or information about EEO matters. (*Id*. at 18.). Throughout Viup's ATF employment, her workplace had multiple posters in common areas that alerted employees to their EEO rights. (Exh. 2, Morrow Dec. at 1-2, ¶¶ 2, 4-7; Exh. 3, Young Dec. at 1-2, ¶¶ 3-6.). Those numerous workplace postings specifically stated that employees who believed that they had been subjected to discrimination in the workplace or through the employment process must initiate contact with an EEO counselor within 45 calendar days of the occurrence of the alleged discrimination. (Exh. 3, Young Dec. at 1-2, ¶¶ 5-6.).

On April 13, 2023, Viup initiated EEO contact, raising a single claim of sex discrimination over her March 13, 2023 five day suspension. (Doc. 13-2 at 5, 6-7, 8, 9.).[1]

---

[1] Viup's complaint references her EEO complaint and right to sue letter (Doc. 1 at 1, ¶¶ 4-5), and "when a court is presented with a Rule 12(b)(6) or a Rule 12(c) motion, it may consider the complaint and any exhibits attached to it, public records, items appearing in the record of the case, and exhibits attached to the motion to dismiss, as long as they are referred to in the complaint and are central to the plaintiff's claims." *Shoemake v. Mansfield City Sch. Dist. Bd. of Educ*., 61 F. Supp. 3d 704, 711 (N.D. Ohio 2014) (citations omitted). "EEOC charges and related documents, including right to sue letters, are public records of which the Court may take

Viup's initial EEO contact alleged a discriminatory event on March 13, 2023. (*Id*.). Her initial EEO contact did not include any allegation of retaliation. (Doc. 13-2 at 8.).

On July 26, 2023, Viup filed an EEO complaint for discrimination. (Doc. 13-2, Notice of Receipt of Complaint of Discrimination at 1-2; Doc. 13-3, Complaint of Discrimination at 1.). Viup filed her complaint with the assistance of counsel. (Doc. 13-2 at 4-5; Doc. 13-3 at 1, 10.). Her complaint asserted her belief that her suspension was due to her sex. (Doc. 13-3 at 1, 4.). Viup checked the boxes for sex discrimination on her EEO complaint, but not for sexual harassment, non-sexual harassment, or reprisal, and she made no mention of retaliation or reprisal anywhere in the lengthy written narrative appended with her EEO complaint. (Doc. 13-3 at 1, 2-5.). The only corrective action Viup's complaint sought was overturning her suspension, removing it from her record, and back pay lost due to the suspension. (Doc. 13-3 at 1, 5.). Her EEO complaint made no mention of noneconomic damages, or other damages or remedies related to sexual harassment or a hostile work environment. (*Id*.).

On August 15, 2023, ATF sent a notice of acceptance of complaint to Viup's attorney. (Doc. 13-4 at 1.). The notice of acceptance listed two accepted claims, while stating that the second of the two claims, which included a hostile work environment allegation, appeared untimely. (Doc. 13-3 at 1.). The first accepted claim was whether Viup was discriminated against based on sex when she was given a five day suspension on March 13, 2023. (*Id*.). The

---

judicial notice in ruling on a motion to dismiss without having to convert the motion into one for summary judgment." *Kovac v. Superior Dairy, Inc*., 930 F. Supp. 2d 857, 862–63 (N.D. Ohio 2013) (citation omitted); see also *Green v. Cent. Ohio Transit Auth*., No. 2:13-CV-41, 2013 WL 4479093, at *2 (S.D. Ohio Aug. 20, 2013) ("'Documents filed with, and coming from the EEOC, are considered matters of public record' and are properly considered with a motion to dismiss"), (citation omitted); *Shoemake*, 61 F. Supp. 3d at 710-1 ("correspondence from the EEOC" presented "no need for the Magistrate Judge to convert the 12(c) Motion to a summary judgment motion", and noting the same standard for 12(c) and 12(b)(6) motions). EEO documents are commonly considered with motions to dismiss outside this circuit, as well. (Doc. 13 at 12-13.).

second accepted claim, noted as untimely, was whether she was discriminated against and subjected to a hostile work environment based on sex and contemporaneous discrimination between May 2021 through February 2022.  (*Id*.).  Viup herself directly provided the May 2021 through February 2022 time period for her hostile work environment claim in an August 4, 2023 e-mail to which her attorney was copied.  (Doc. 13-4 at 3.).  Viup initiated EEO contact and filed her EEO complaint over a full calendar year after the conclusion of the May 2021 through February 2022 time period to which she dated her alleged hostile work environment, and over a year after she transferred out of the Louisville office which she alleged was a hostile work environment.  (Doc. 13-2 at 1-2, 5, 6-7, 8, 9; Doc. 13-3, Complaint of Discrimination at 1.).  Viup's notice of acceptance of claims explained that though the May 2021 through February 2022 discrimination and hostile work environment claim was accepted, it appeared to be untimely because she did not assert an incident of harassment within the 45 day filing period, citing *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002).  (*Id*.).

Viup's August 15, 2023 notice of acceptance of complaint informed her and her attorney that if they believed a claim had not been correctly identified, they should notify the agency within seven days and specify why any claims were not correctly identified.  (Doc. 13-4 at 2.).  The notice of acceptance also informed Viup and her attorney that she could amend her complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to the claim raised in the complaint.  (*Id*.).

Viup filed a judicial complaint on June 24, 2024.  (Doc. 1, Complaint, at 1.).  Viup's judicial complaint alleges sexual harassment, a hostile work environment, and contemporaneous discrimination for the time period of March 2021 to February 2022; it also alleges retaliation without any reference to specific actions or times, and sex discrimination solely for her

4

discipline. (Doc. 1, Complaint, at 4, ¶ 30; 17-19, ¶¶ 134-147.). The District Court for the District of Columbia subsequently transferred the case to this district, with Viup's consent, because "The place where the unlawful employment practice is alleged to have occurred is Louisville, Kentucky." (Doc. 15 at 4; Doc. 17 at 1, 2.). This motion seeks dismissal of the sexual harassment and hostile work environment claims, and any contemporaneous discrimination claims, because they were not timely presented to the EEO counselor, being presented over a year too late; dismissal of the retaliation claim because it was never being presented or exhausted, in addition to being time barred for anything other than her suspension; and dismissal of any untimely discrimination allegations, leaving only Viup's claim that her five day suspension for failing to timely report employee misconduct constituted sex discrimination.

II.     **Grounds for dismissal**

    A.    **Viup's hostile work environment and sexual harassment claims, which she dates to March 2021 to February 2022, are time barred because her initial EEO activity was over a year after those alleged actions.**

"When Congress authorized federal employees to sue the federal government for violation of the civil rights laws, it conditioned such authorization on the 'plaintiff's satisfaction of "rigorous administrative exhaustion requirements and time limitations."'" *Horton v. Potter*, 369 F.3d 906, 910 (6th Cir. 2004), quoting *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002), in turn quoting *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833 (1976). "One of these requirements is that the 'aggrieved person must initiate contact with a[n EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.'" *Id.*, quoting 29 C.F.R. § 1614.105(a)(1). "Timely contact with an EEO counselor is an administrative remedy that a federal employee must invoke before he may bring a claim of employment discrimination in federal district court."

*Id.*, citing *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991). "If an employee fails to comply with the 45–day limitation period, the agency must dismiss the entire complaint." *Id.*, citing 29 C.F.R. § 1614.107(a)(2). "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). "[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

Viup initiated EEO contact on April 13, 2023 and filed her EEO complaint, with representation by counsel, on July 26, 2023. (Doc. 13-2 at 1-2, 4-5, 6-7, 8, 9; Doc. 13-3 at 1, 10.). Viup's EEO complaint, at her direction, alleged a hostile work environment only for the period of May 2021 through February 2022, a period ending more than a year prior to her initiation of EEO contact or her EEO complaint. (Doc. 13-3 at 1, Doc. 13-4 at 3.).[2] Viup's hostile work environment complaint, along with any sexual harassment or sex discrimination alleged to be contemporaneous to it, was thus a full year too late for her 45 day EEO deadline. *Horton*, 369 F.3d at 910; 29 C.F.R. § 1614.105(a)(1).

ATF gave Viup actual, constructive, and explicit notice of that 45 day deadline through both repeated mandatory training and multiple postings in the workplace. (Exh. 1, Diconi Dec. at 1-2, ¶¶ 3-7; 3, "Completed Items"; 16, "Filing a Complaint; Exh. 2, Morrow Dec. at 1-2, ¶¶ 2, 4-7; Exh. 3, Young Dec. at 1-2, ¶¶ 3-6.). "'[N]otification of the time requirements was provided,'" and "the notification was 'reasonably geared to inform the complainant of the time

---

[2] Such a delay gives rise to a laches defense. *Morgan*, 536 U.S. 101, 121-122. In the event any of Viup's pre-suspension claims might proceed, Defendant reserves this laches defense.

6

limits'", precluding equitable tolling of that deadline. *Harris v. Gonzales*, 488 F.3d 442 (D.C. Cir. 2007); *Johnson v. Runyon*, 47 F.3d 911, 918 (7th Cir. 1995). "[I]t cannot be that an employee claiming to have been unaware of the 45–day time limit would be automatically entitled to an extension even though the agency, through posters, employee handbooks, orientation sessions, etc., made conscientious efforts to advise its employees of the time limit." *Harris*, 488 F.3d at 445. *See also Bailey v. U.S. Postal Serv.*, 208 F.3d 652, 655 (8th Cir. 2000) (being "informed of the proper procedures for bringing employment discrimination complaints, both as part of her training as a new employee and by means of a poster displayed in her workplace" precluded equitable tolling); *Gaillard v. Shinseki*, 349 F. App'x 391, 393 (11th Cir. 2009) ("an EEO poster on the bulletin board at his place of employment") precluded equitable tolling; *Ransdell v. U.S. Postal Serv.*, No. 3:15-cv-00084, 2017 WL 1190912, at *5 (E.D. Ky. Mar. 30, 2017) ("[a] plaintiff who is employed at a facility where the requisite EEO poster is appropriately posted is considered to be on constructive notice of the time limitation to file suit."); *Drakeford v. U.S. Postal Serv.*, No. CIV. 07-11041, 2008 WL 243785, at *2 (E.D. Mich. Jan. 17, 2008) ("Several circuits have found that placing posters that inform workers of this notice requirement serves as actual notice to employees of the 45-day notice requirement. This Court agrees and finds that [plaintiff] had notice of the filing requirement.") (citations omitted). ATF's placement of multiple posters in the workplace to explain EEO rights to employees (including, explicitly, the 45 day deadline) and repeated training specifically mentioning the 45 day complaint deadline and providing a resource for further EEO information was "reasonably geared" to inform Viup and other employees of their rights. *Harris*, 488 F.3d at 445; *Decker v. U.S. Postal Serv.*, 603 F. Supp. 503, 506 (W.D. Ky. 1984).

The evidence of Viup's actual and constructive notice of the 45 day filing deadline through repeated training and plentiful workplace postings should dispositively preclude equitable tolling of that deadline. *Harris*, 488 F.3d at 445; *Johnson*, 47 F.3d at 918; *Bailey*, 208 F.3d at 655; *Gaillard*, 349 F. App'x at 393; *Ransdell*, 2017 WL 1190912, at *5. Those considerations are dispositive in the EEO context. *Id*. Even if the Court examines all of the "five factors that should be considered in deciding whether to equitably toll a limitations period" in other contexts, Viup is still not entitled to equitable tolling of the 45 day window. A plaintiff bears "the burden of showing that equitable tolling was appropriate." *Vana v. Mallinckrodt Med., Inc.*, 70 F.3d 116 (6th Cir. 1995); *see also Castleberry v. Neumann L. P.C.*, No. 1:07-CV-856, 2008 WL 5744179, at *8 (W.D. Mich. July 9, 2008) ("our Circuit has repeatedly cautioned that equitable tolling should be applied sparingly. The burden is on the party seeking tolling to show that it is warranted.") (citations omitted).

The first two factors are "lack of notice of the filing requirement" and "lack of constructive knowledge of the filing requirement", which the evidence discussed above demonstrate weigh forcefully and unequivocally against Viup. *Weigel v. Baptist Hosp. of E. Tennessee*, 302 F.3d 367, 376 (6th Cir. 2002). "[S]ubjective ignorance alone does not automatically entitle the plaintiff to" any extension or equitable tolling. *Truskey v. Perdue*, No. 5:19-CV-51-BJB, 2021 WL 9316104, at *4 (W.D. Ky. July 30, 2021), *aff'd sub nom. Truskey v. Vilsack*, No. 21-5821, 2022 WL 3572980 (6th Cir. Aug. 19, 2022), quoting *Hickey v. Brennan*, 969 F.3d 1113, 1124 (10th Cir. 2020) (alteration adopted).

The other three factors also disfavor Viup. The third factor is "diligence in pursuing one's rights", *id*.; Viup was decidedly undiligent, initiating EEO contact and a complaint more than a full year after the May 2021 through February 2022 events she alleges constituted sexual

harassment and a hostile work environment, or any discrimination prior to her suspension. (Doc. 13-2 at 1-2, 5, 6-7, 8, 9; Doc. 13-3, Complaint of Discrimination at 1.). The fourth factor is "absence of prejudice to the defendant", *id*., and a year of delay prejudices the defense of any case for any party. *See, e.g., United States v. Marion*, 404 U.S. 307, 323, n. 14 (1971) ("civil statutes of limitation" exist "'to encourage promptness in the bringing of actions, that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents, or failure of memory'", and "'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared'"), citing *Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 348-9 (1944) and *Missouri, Kansas & Texas R. Co. v. Harriman*, 227 U.S. 657, 672 (1913). The final factor is "the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement", *id*., and a delay of over a year is on its face not reasonable, especially given evidence that Viup was repeatedly informed of the 45 day deadline, and provided a direct contact for information about EEO matters. (Exh. 1, Exh. 2, Exh. 3.).

The very basics of equitable tolling also disfavor Viup. "Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990). "[T]ypically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Steiner v. Henderson*, 354 F.3d 432, 438 (6th Cir. 2003), quoting *Graham–Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552 (6th Cir. 2000). "[E]quitable tolling usually applies only where the employee has been intentionally misled or tricked into missing the filing deadline." *Moss v. Detroit Edison Co*., 149 F.3d 1184 (table) at *4 (6th Cir. 1998), citing *Andrews v. Orr*, 851 F.2d 146, 150 (6th Cir. 1988). "Absent compelling equitable

considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), citing *Irwin*, 498 U.S. at 96. The passage of an entire year almost inherently negates any claim of "circumstances beyond that litigant's control", diligent pursuit of rights, or "extraordinary circumstance". Viup did not exhaust her sexual harassment or hostile work environment claims, or any claim for discrimination other than for her suspension, because she did not present them to the EEO until one year later despite being given actual, constructive, explicit, and repeated notice that she had 45 days in which to present those claims.

The Court should dismiss Count 1 (sexual harassment) and Count 3 (hostile work environment) under Fed. R. Civ. P. 12(b)(6), because they were not administratively exhausted, and they are time barred. Courts dismiss unexhausted claims such as these under Rule 12(b)(6). "Dismissal for want of exhaustion is achieved pursuant to Fed. R. Civ. P. 12(b)(6)." *Moss v. Mercy St. Anne Hosp.*, No. 3:12CV1840, 2013 WL 4885966, at *2 (N.D. Ohio Sept. 11, 2013), citing *Dixon v. Ohio Dep't of Rehab. & Corr.*, 181 F.3d 100 (table) at *1 (6th Cir. 1999). Time barred claims are also dismissed under Rule 12(b)(6). "Where the allegations in the complaint and plaintiff's response to defendants' motions to dismiss affirmatively show that the claim is time-barred, dismissal under Rule 12(b)(6) is appropriate." *Robinette v. Promedica Pathology Labs*, No. 5:19-CV-2476, 2021 WL 3860520, at *4 (N.D. Ohio Aug. 30, 2021), *aff'd sub nom. Robinette v. ProMedica Pathology Lab'ys, LLC*, No. 21-3867, 2022 WL 4540192 (6th Cir. May 9, 2022), citing *Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 868–69 n.10 (N.D. Ohio 2013), *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012), and *Leahy v. Stevens Point Area Sch. Dist.*,

10

No. 09-cv-717, 2011 WL 13356716, at *3 (W.D. Wis. Mar. 7, 2011).

### B. Viup's retaliation claim was not administratively exhausted.

#### 1. Title VII requires administrative exhaustion in order to put employers on notice and facilitate conciliation.

"As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). "'Liberal construction' of the EEOC charge is unnecessary where, as here, 'the claimant is aided by counsel in preparing his charge.'" *Waggoner v. Carlex Glass Am., LLC*, 682 F. App'x 412, 416 (6th Cir. 2017) (citation omitted). "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge." *Younis*, 610 F.3d at 361, citing 42 U.S.C. § 2000e–5(f)(1) and *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 47 (1974). "This rule serves the dual purpose of giving the employer information concerning the conduct about which the employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion." *Id.*, citing *Alexander*, 415 U.S. at 44. "Hence, allowing a Title VII action to encompass claims outside the reach of the EEOC charges would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role." *Id.* at 362. Viup's failure to include a retaliation claim in an EEO complaint meant that it could not be subjected to those investigatory and conciliatory processes, because "the EEOC's investigative authority is tied to charges filed with the Commission; unlike other federal agencies that possess plenary authority to demand to see records relevant to matters within their jurisdiction, the EEOC is entitled to access only to evidence 'relevant to the charge under investigation.'" *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 64 (1984), citing 42 U.S.C. § 2000e–8(a). Unexhausted claims are properly dismissed under Rule 12(b)(6). *Moss*, 2013 WL 4885966, at *2.

11

Viup's lengthy EEO complaint takes issue with three things: her five day suspension, SA Sanchez's conduct, and how her supervisors handled SA Sanchez's conduct. (Doc. 13-3 at 1, 2-5.). She did not initiate or administratively exhaust a retaliation claim for her suspension or anything else, and her allegations about SA Sanchez's conduct and how her supervisors handled it were untimely and time barred, as she did not present them to the EEO until more than a year after the complained-of conduct.

### 2. The Court should not construe Viup's EEO complaint liberally, because it was filed with assistance of counsel.

The Court should grant no leniency or liberal construction to Viup's EEO complaint, because she filed it with the assistance of counsel, differentiating her from pro se filers to whom courts may grant leniency and liberal construction. (Doc. 13-2 at 4-5; Doc. 13-3 at 1, 10; *Waggoner,* 682 F. App'x at 416: "'Liberal construction' of the EEOC charge is unnecessary where, as here, 'the claimant is aided by counsel in preparing his charge.'"). Because Viup did not administratively exhaust any retaliation claim, the Court should dismiss Count 2, Viup's retaliation claim, under Fed. R. Civ. P. 12(b)(6). *Moss*, 2013 WL 4885966, at *2.

### 3. Viup did not administratively exhaust any retaliation claim for her suspension.

Viup's judicial complaint limits all mentions of retaliation to the period ending in February 2022 when she was stationed in Louisville, and to people and actions in that place and timeframe. (Doc. 1 at 2, 4, 5, 8, 12, 13, 14, 16, ¶¶ 12, 30, 35, 58, 99, 104, 110, 120.). Viup's judicial complaint therefore should not be read to allege retaliation over her suspension, as Federal Rule of Civil Procedure 8(a)(2) requires that a complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

To the extent Viup might argue that her complaint alleges retaliation for her suspension, such claim should be dismissed as time barred and unexhausted, as her EEO complaint does not allege retaliation for her suspension, or anything else; explicitly avoids doing so by only checking boxes for sex discrimination but not for retaliation; and on its face rejects a retaliation theory for her suspension by insisting throughout her narrative that her suspension was because of her sex, with no mention of retaliation or protected activity as a motive or cause.

Viup's EEO complaint, filed with representation by counsel, marked only sex discrimination as a basis, leaving reprisal unchecked. (Doc. 13-3 at 1.). The lengthy narrative in her EEO complaint makes no mention of retaliation attributed to supervisors or protected activity. (*Id*. at 1, 3-5.). Instead, Viup's complaint explicitly and repeatedly asserted that she alleged discrimination on the basis of sex, with no mention of any protected activity as a motive. (Doc. 13-3 at 1 ("subjecting me to a more severe disciplinary penalty because I am a female"); 3-4 ("I have been discriminated against in this punishment as a female"); 4 ("my punishment is an example of disparate treatment on the part of ATF due to my gender"). Leaving the appropriate box blank and not alleging retaliation precludes exhaustion of a retaliation claim. *See Younis*, 610 F.3d at 363 ("the plaintiff also failed to exhaust his administrative remedies on this [retaliation] claim" where "[t]he EEOC form included a specific check-off box to indicate a charge of retaliation" and while plaintiff "marked other boxes on the form evincing an intent to charge discrimination based on religion and national origin, he did not indicate that he was alleging retaliation" and there was "nothing in the narrative portion of the EEOC charge that could be interpreted as claiming retaliation, nor ... any language that would have put the EEOC or the employer on notice that [plaintiff] was alleging retaliation"); *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (retaliation claim was unexhausted where "[i]n her EEOC

13

complaint, the plaintiff neither checked the retaliation box nor described anything that indicates that she might have a retaliation claim"); *Deister v. Auto Club Ins. Ass'n*, 647 F. App'x 652, 658 (6th Cir. 2016) (no exhaustion where plaintiff "failed to check the box in his EEOC form entitled 'retaliation'", nor did "the narrative section include facts that would suggest that he intended to bring an ADA retaliation claim"). Consistently attributing her suspension to her sex, with no mention of protected activity, would "deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role" if such an unstated and avoided claim was allowed to proceed. *Younis*, 610 F.3d at 361-363. "Aggrieved persons cannot pick and choose which components of the system they will allow to operate." *White v. N. Michigan Reg'l Hosp.*, 659 F. Supp. 2d 858, 874 (W.D. Mich. 2009), amended on denial of reconsideration sub nom. *White v. N. Mich. Reg'l Hosp.*, 698 F. Supp. 2d 950 (W.D. Mich. 2010), citing *Hines v. Widnall*, 334 F.3d 1253, 1259 (11th Cir. 2003).

    **4. Viup administratively exhausted no retaliation claim for any other conduct.**

The narrative in Viup's EEO complaint mentions threats of retaliation from SA Sanchez, a co-worker during her March 2021 - February 2022 period in Louisville, who was not a supervisor, but it makes no allegation of actual retaliation, or retaliation by a supervisor. (*Id*.). Viup has previously disclaimed Sanchez's actions as the basis of a retaliation claim. (Doc. 15 at 16-17.). To the extent Viup might now try to allege that SA Sanchez's threats of retaliation contributed to a hostile work environment or give rise to a retaliation claim, any such claim was not timely presented to the EEO, and is time barred. Viup's judicial complaint alleges that Sanchez's actions occurred while she worked at the Louisville Field Division from March 2021 to February 2022. (Doc. 1 at 2, 4, 8, 13, 14, 28, ¶¶ 12, 30, 58, 104, 110, 138-141.). Viup initiated EEO contact on April 13, 2023 and filed her EEO complaint, with representation by counsel, on July 26, 2023. (Doc. 13-2 at 1-2, 4-5, 6-7, 8, 9; Doc. 13-3 at 1, 10.). Both dates are more than a

year after the February 2022 conclusion of her allegations against Sanchez, and any of Sanchez's actions she might characterize as retaliation constitutes a discrete act requiring timely administrative exhaustion, which did not happen. "Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Morgan*, 536 U.S. at 113.

      **C.**    **Viup failed to exhaust any discrimination claim, other than for her five day suspension.**

The only facts in Viup's complaint alleged to have occurred within 45 days of her EEO activity are those related to her five day suspension. (Doc. 1 at 1-19; Doc. 13-2 at 1-2, 5, 6-7, 8, 9; Doc. 13-3 1.). Her judicial complaint alleges discrimination only in relation to that suspension. (Doc. 1 at 19, ¶¶ 145-147.). To the extent Viup alleges or attempts to allege discrimination for anything other than her suspension (Doc. 1 at 18, ¶¶ 135-136, 141), despite the wording of the single discrimination count her complaint (*id*. at 19, ¶¶ 145-147), the Court should dismiss those allegations, because they were not administratively exhausted. As explained above, Viup's EEO complaint addressed three things: her five day suspension, SA Sanchez's conduct, and how her supervisors handled SA Sanchez's conduct. (Doc. 13-3 at 1, 2-5.). Her suspension occurred in 2023, but Sanchez's conduct and her supervisors' handling of it, by Viup's own telling, occurred in March 2021 through February 2022, more than a year prior to her EEO contact and complaint. (Doc. 1 at 2, 4, 8, 13, 14, 28, ¶¶ 12, 30, 58, 104, 110, 138-141; Doc. 13-2 at 1-2, 4-5, 6-7, 8, 9; Doc. 13-3 at 1, 10.). To the extent Viup's complaint attempts to advance untimely and unexhausted discrimination claims (any other than for her suspension), the Court should dismiss those claims under Rule 12(b)(6). *Moss*, 2013 WL 4885966, at *2; *Robinette*, 2021 WL 3860520, at *4.

**III.    Conclusion**

The Court should dismiss under Rule 12(b)(6) Viup's sexual harassment, hostile work environment, and retaliation claims, along with any discrimination claim other than for her 2023 suspension, because those claims were not administratively exhausted and are time barred.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*s/ Jason Snyder*
Jason Snyder
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
(502) 582-6993
jason.snyder@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the plaintiff.

*s/ Jason Snyder*
Jason Snyder
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
(502) 582-6993
jason.snyder@usdoj.gov