UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

_____

LAUREN VIUP,

                    Plaintiff,

    v.                                         *Civil Action No.:*
                                                 *3:25-cv-001-DJH- CHL*

MERRICK GARLAND in his official
capacity as ATTORNEY GENERAL
OF THE UNITED STATES,

                    Defendant.

_____


**PLAINTIFF LAUREN VIUP'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS**


                                          LUIBRAND LAW FIRM, PLLC
                                          Kevin A. Luibrand, Esq.
                                          Federal Bar Roll #: 102083
                                          *Attorneys for Plaintiff Lauren Viup*
                                          950 New Loudon Road, Suite 270
                                          Latham, New York 12110
                                          Tel.: (518)783-1100
                                          Fax: (518)783-1901
                                          E-mail: kluibrand@luibrandlaw.com

## Table of Contents

Table of Authorities ................................................................................................................. ii

Introduction ............................................................................................................................. 1

Legal Standard ........................................................................................................................ 2

Argument ................................................................................................................................ 3

    Point I: Defendant's Exhibits Are Improper as "Matters Outside the Pleadings" and the Court Cannot Consider the Exhibits Unless it Converts Defendant's Motion to Dismiss to a Motion for Summary Judgment ............................................................................................................ 3

    Point II: If the Court Converts Defendant's Motion to Dismiss to a Motion for Summary Judgment, Defendant Has Not Met His Burden to Prove that Plaintiff's First and Third Causes of Action Must Be Dismissed as Time Barred ........................................................................ 4

    Point III: If the Court Finds that Plaintiff Was Notified of the 45-Day Time Limit to File a Complaint With the EEO, there is an Issue of Fact Whether Plaintiff's First Cause of Action For Sexual Harassment and Third Cause of Action For Hostile Work Environment Must Be Equitably Tolled ..................................................................................................................... 7

    Point IV: Defendant Has Not Met His Burden to FRCP Rule 12(B)(6) to Dismiss Plaintiff's Second Cause of Action For Retaliation For Reporting Sexual Harassment Because Plaintiff Administratively Exhausted the Claim ................................................................................ 10

Conclusion ............................................................................................................................ 15

## Table of Authorities

**CASES**

Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988) .................................................................................. 7

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ........................................................................... 2

D.B. v. Shelby Cty. Health Care Corp., 861 F. App'x 634 (6th Cir. 2021) ..................................... 8

Garrison v. Warren Corr. Inst., 1999 U.S. App. LEXIS 13314 (6th Cir. 1999) ............................. 8

Gavitt v. Born, 835 F.3d 623 (6th Cir. 2016) ................................................................................. 4

Kirby v. Macon County, 892 S.W.2d 403 (Tenn. 1994) ................................................................ 8

Peach v. Hagerman, 2024 U.S. Dist. LEXIS 73607 (W.D. Ky. 2024) .......................................... 2

Santiago v. Meyer Tool Inc., U.S. App. LEXIS 14469 (6th Cir. 2023) ........................... 10, 11, 13

Southfield Educ. Ass'n v. Southfield Bd. of Educ., 570 F. App'x 485 (6th Cir. 2014) .................. 2

Wei Qiu v. Bd. of Educ. of Bowling Green Indep. Sch., 2024 U.S. App. LEXIS 32587 (6th Cir. 2024) ......................................................................................................................... 1, 4

Willard v. Huntington Ford, Inc., 952 F.3d 795 (6th Cir. 2020) .................................................... 3

Williams v. Widnall, 1999 U.S. App. LEXIS 1208 (6th Cir. 1999) ............................................... 7

Younis v. Pinnacle Airlines, Inc., 610 F.3d 359 (6th Cir. 2010) ............................................ 11, 13

Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982) ............................................................. 7

**STATUTES**

FRCP Rule 12(d) ............................................................................................... 1, 2, 4, 14

# INTRODUCTION

Plaintiff Lauren Viup ("Plaintiff"), by and through her attorneys, Luibrand Law Firm, PLLC (Kevin A. Luibrand, esq., of counsel) respectfully submits this Memorandum of Law in Opposition to Defendant Merrick Garland's ("Defendant"), in his official capacity as the Attorney General of the United States, Motion to Dismiss ("Defendant's Motion to Dismiss") in which Defendant moves to dismiss Plaintiff's action pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6). [Docket No. 33]

First, as will be explained below, Defendant has improperly attached exhibits [Docket No. 33-1; Docket No. 33-2; Docket No. 33-3; Docket No. 33-4] to his motion to dismiss pursuant to FRCP 12(b)(6) that are considered "matters outside the pleadings", and the Court cannot consider such exhibits without converting the motion to dismiss to a motion for summary judgment. See Wei Qiu v. Bd. of Educ. of Bowling Green Indep. Sch., 2024 U.S. App. LEXIS 32587, at *3 (6th Cir. 2024) (citing Fed. R. Civ. P. 12(d)).

Second, Defendant argues that Plaintiff's first cause of action for sexual harassment and third cause of action for hostile work environment should be dismissed as time barred. [Docket No. 33, pp. 5-6] However, Plaintiff's only evidence supporting this argument are Defendant's improperly attached exhibits, which cannot be considered in a motion to dismiss. If the exhibits are considered, then Defendant's Motion to Dismiss must be converted to a motion for summary judgment, Plaintiff's claims should be equitably tolled, as will be explained below, and Plaintiff "must be given a reasonable opportunity to present all the material that is pertinent to the motion" to dismiss. FRCP Rule 12(d).

Third, Defendant argues that Plaintiff's second cause of action for retaliation for reporting sexual harassment should be dismissed for failure to administratively exhaust the claim because

1

Defendant alleges that Plaintiff did not raise this claim to the Equal Employment Opportunity ("EEO") counselor or in Plaintiff's formal administrative complaint to the EEO. [Docket No. 33, pp. 11-15] Contrary to Defendant's argument, Plaintiff did raise these claims both to the EEO counselor and in her formal administrative complaint to the EEO, as will be explained below.

## LEGAL STANDARD

A motion to dismiss pursuant to FRCP 12(b)(6) must assert "failure to state a claim upon which relief can be granted". FRCP 12(b)(6). An action may only be dismissed pursuant to FRCP 12(b)(6) if the Defendant proves that "no law supports the claims made…the facts alleged are insufficient to state a claim, or…the face of the complaint presents an unsurmountable bar to relief." Peach v. Hagerman, 2024 U.S. Dist. LEXIS 73607, at *4 (W.D. Ky. 2024) (quoting Southfield Educ. Ass'n v. Southfield Bd. of Educ., 570 F. App'x 485, 487 (6th Cir. 2014)). The Sixth Circuit Court of Appeals, quoting the Supreme Court, has stated that "[t]o survive a motion to dismiss, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Twombly, 550 U.S. at 556 (2007)).

Additionally, "[w]hen considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party." Peach, 2024 U.S. Dist. LEXIS 73607, at *3-4 (2024) (citing Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield, 552 F.3d 430, 434 (6th Cir. 2008).

If the Court converts Defendant's Motion to Dismiss to a motion for summary judgment in order to consider Defendant's improperly attached exhibits, Plaintiff "must be given a reasonable opportunity to present all the material that is pertinent to the motion." FRCP Rule 12(d).

In order for a motion for summary judgment to be granted, "the moving party must show that there are no genuine issues of material fact and that it is legally entitled to judgment." Willard v. Huntington Ford, Inc., 952 F.3d 795, 805 (6th Cir. 2020). The Court must "view all of the facts [in a motion to dismiss] in the light most favorable to the nonmoving party and draw all justifiable inferences in the nonmoving party's favor." Id. at 805-806.

## ARGUMENT

I. **DEFENDANT'S EXHIBITS ARE IMPROPER AS "MATTERS OUTSIDE THE PLEADINGS" AND THE COURT CANNOT CONSIDER THE EXHIBITS UNLESS IT CONVERTS DEFENDANT'S MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT**

Defendant argues that Plaintiff's first cause of action for sexual harassment and third cause of action for hostile work environment should be dismissed as time barred because Plaintiff did not file these claims with the EEO within 45 days of their occurrences. [Docket No. 33, pp. 5-6] Defendant first made this argument in Defendant's first Motion to Dismiss submitted to the District Court for the District of Columbia ["Defendant's D.C. Motion to Dismiss"] [Docket No. 13, p. 7], and Plaintiff asserted in her response to Defendant's D.C. Motion to Dismiss ["Plaintiff's Response to Defendant's D.C. Motion to Dismiss"] [Docket No. 15] that Plaintiff falls within an exception to this 45-day limit [Docket No. 15, pp. 14-15] pursuant to 29 CFR Section 1614.105(a)(2), which states:

> The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of [29 CFR Section 1614.105] when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them…

29 CFR § 1614.105(a)(2).

In anticipation of raising this argument at this time Defendant has attached four exhibits to his current FRCP 12(b)(6) Motion to Dismiss, three of which are declarations by employees of the Department of Alcohol, Tobacco, and Firearms ("ATF") which allege that Plaintiff underwent

3

training that informed her of the 45-day limit, and that there were signs in Plaintiff's workplace at ATF that informed her of the 45-day limit. [Docket No. 33-1; Docket No. 33-2; Docket No. 33-3]

The Sixth Circuit has stated that:

> Review of a Rule 12(b)(6) motion "must ordinarily be undertaken without resort to matters outside the pleadings."…A court may, however, "consider exhibits attached to…defendant's motion to dismiss, <u>so long as they are referred to in the complaint and are central to the claims contained therein</u>."…Evidence outside these circumstances is considered "matters outside the pleadings."…<u>If the court considers such matters, it must convert the Rule 12(b)(6) motion to a summary judgment motion</u>. Fed. R. Civ. P. 12(d).

<u>Wei Qiu</u>, 2024 U.S. App. LEXIS 32587, at *3 (2024) (quoting <u>Gavitt v. Born</u>, 835 F.3d 623, 640 (6th Cir. 2016)) (emphasis supplied).

The Complaint does not refer to the 45-day EEO limit [Docket No. 1], making Defendant's exhibits related to the 45-day limit "matters outside the pleadings". See <u>Wei Qui</u>, 2024 U.S. App. LEXIS 32587, at *3 (2024) (quoting <u>Gavitt</u>, 835 F.3d at 640 [6th Cir. 2016]). The Court therefore cannot consider Defendant's first, second, and third exhibits, or if the Court does consider the exhibits, the Court must convert Defendant's Motion to Dismiss to a motion for summary judgment and allow Plaintiff to conduct discovery in connection therewith. See <u>Id.</u>; FRCP Rule 12(d).

## II. IF THE COURT CONVERTS DEFENDANT'S MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT, DEFENDANT HAS NOT MET HIS BURDEN TO PROVE THAT PLAINTIFF'S FIRST AND THIRD CAUSES OF ACTION MUST BE DISMISSED AS TIME BARRED

If the Court does convert Defendant's Motion to Dismiss to a motion for summary judgment and considers the exhibits improperly attached to Defendant's Motion to Dismiss, Defendant has not met his burden to prove that Plaintiff's first and third causes of action must be dismissed as time barred pursuant to a motion for summary judgment, because Defendant has not proven that Plaintiff "was notified of the" 45-day "time limits or otherwise aware of them", and

so the 45-day time limit must be extended pursuant to 29 CFR § 1614.105(a)(2). 29 CFR § 1614.105(a)(2).

When considering a motion for summary judgment, the Court must "view all of the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in the nonmoving party's favor." Willard, 952 F.3d at 805-06 (2020). "[T]he moving party must show that there are no genuine issues of material fact and that [Defendant] is legally entitled to judgment." Id. at 805. Defendant has failed to meet his burden to prove that there is no genuine issue of material fact as to whether Plaintiff was notified or otherwise aware of the 45-day time limits, and is not legally entitled to judgment. See Id.

In an effort to establish that Plaintiff was aware of the 45-day time limit, Defendant submitted a declaration from an ATF Instructional Technology Specialist alleging that Plaintiff had read "training materials" which informed her of the 45-day time limit. [Docket No. 33-1, pp. 2-3] The declaration and the training materials showed that the training materials in question stated: "If you feel that you have been a victim of discrimination or retaliation, you ***may wish*** to contact an EEO…Officer or counselor from your agency within 45 calendar days of the event taking place." [Docket No. 33-1, pp. 2, 16 (emphasis supplied)] The statement does not allege, and the training materials do not show, that Plaintiff was told that she *must* contact the EEO within 45 calendar days of the discriminatory event. [Docket No. 33-1]

Defendant attached two other declarations to his Motion to Dismiss, one from Shawn Morrow ("Morrow"), who was a Special Agent in Charge (SAC) in the Louisville Field Division ("LFD") at the time that Plaintiff worked in the LFD [Docket No. 33-2, pp. 1-2], and one from Evette Young ("Young"), who has been the Chief, Office of Equal Employment Opportunity with ATF since November 2019 [Docket No. 33-3, pp. 1-2], both of whom alleged in their declarations that there were posters at ATF describing employees' EEO rights. [Docket No. 33-2, ¶7; Docket

5

No. 33-3, ¶4] The declarations from Morrow and Young do not prove that there were EEO posters in the LFD stating that employees must file EEO complaints within 45 days of a discriminatory incident.

First, Young states in her declaration that works for ATF and that she "*directed*" that two (2) EEO posters "be placed in [ATF] office spaces advising employees of their EEO rights", and that the posters stated that there was a 45-day time limit to inform the EEO of any discriminatory acts. [Docket No. 33-3, ¶4] Young does not state in her declaration that she worked in or visited the LFD when Plaintiff worked there [Docket No. 33-3, ¶1] and does not state that she has seen such posters in the LFD or that she is certain that such posters were posted in the LFD, where Plaintiff may have seen them.

Second, Morrow states in his declaration that he worked in the LFD while Plaintiff was employed there and that there were posters advising employees of their EEO rights in locations throughout the LFD. [Docket No. 33-2, ¶5] Morrow does not state that the EEO posters in the LFD specifically advised employees that there is a 45-day time limit to file a discrimination complaint with the EEO. Morrow was the Special Agent in Charge (SAC) in the LFD at the time that Plaintiff worked in the LFD [Docket No. 33-2, pp. 1-2], and was in Plaintiff's chain of command, and as such is responsible for the misconduct that was committed by Plaintiff's chain of command.

Nowhere in either Young or Morrow's declarations does either individual state definitively that there were EEO posters in the LFD when Plaintiff was working there that specifically stated that there is a 45-day time limit to file a complaint with the EEO. [Docket No. 33-2; Docket No. 33-3] Defendant has not met his burden to prove that there is no genuine issue of material fact as to whether Plaintiff was notified or otherwise aware of the 45-day time limits, and is not legally entitled to judgment, and Defendant is not legally entitled to judgment. See Willard, 952 F.3d at 805-06 (2020).

6

**III. IF THE COURT FINDS THAT PLAINTIFF WAS NOTIFIED OF THE 45-DAY TIME LIMIT TO FILE A COMPLAINT WITH THE EEO, THERE IS AN ISSUE OF CAT WHETHER PLAINTIFF'S FIRST CAUSE OF ACTION FOR SEXUAL HARASSMENT AND THIRD CAUSE OF ACTION FOR HOSTILE WORK ENVIRONMENT MUST BE EQUITABLY TOLLED**

The Sixth Circuit Court of Appeals, quoting the Supreme Court, has stated that "[f]iling a timely charge of discrimination with the EEO[] is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to…equitable tolling." Williams v. Widnall, 1999 U.S. App. LEXIS 1208, at *19 (6th Cir. 1999) (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 392 (1982)). Additionally, the Sixth Circuit Court of Appeals has stated that "[t]he most common situation calling for equitable tolling involves some affirmative representation or action by the employer that causes the employee to miss a filing deadline." Id. at *20 (citing Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)).

Plaintiff's employer, ATF, had represented to Plaintiff that Plaintiff could not file a complaint with the EEO until after she had exhausted the internal ATF grievance process. [Viup Affidavit, ¶3] Because of this "affirmative representation" by ATF, and because ATF took over 45 days after Plaintiff reported the instances of discrimination against her to investigate the instances, ATF caused Plaintiff to miss the filing deadline [Viup Affidavit, ¶3], and Plaintiff's first cause of action for sexual harassment and third cause of action for hostile work environment should be equitably tolled to allow Plaintiff to pursue these causes of action. See Williams, 1999 U.S. App. LEXIS 1208, at *19 (1999).

The Sixth Circuit Court of Appeals has stated that "[t]o determine whether equitable tolling is appropriate", it considers five factors:

> (1) lack of actual notice of the filing requirement, (2) lack of constructive knowledge of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) a plaintiff's reasonableness in remaining ignorant of the filing requirement.

7

Garrison v. Warren Corr. Inst., 1999 U.S. App. LEXIS 13314, at *5-6 (6th Cir. 1999).

First, Plaintiff lacked actual notice of the filing requirement because ATF had instead represented to Plaintiff that Plaintiff could not file a complaint with the EEO until after she had exhausted the internal ATF grievance process. [Viup Affidavit, ¶3] Defendant's declaration from an ATF Instructional Technology Specialist alleging that Plaintiff had read "training materials" which informed her of the 45-day time limit [Docket No. 33-1, pp. 2-3], along with the training materials themselves, showed that the training materials in question stated: "If you feel that you have been a victim of discrimination or retaliation, you *may wish* to contact an EEO…Officer or counselor from your agency within 45 calendar days of the event taking place." [Docket No. 33-1, pp. 2, 16 (emphasis supplied)] Plaintiff was never told that she *must* contact the EEO within 45 calendar days of the discriminatory event. [Docket No. 33-1]

Second, Plaintiff lacked constructive notice of the filing requirement. The Sixth Circuit Court of Appeals has stated that:

> Constructive knowledge is commonly understood to be "information or knowledge of a fact imputed by law to a person…because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it."

D.B. v. Shelby Cty. Health Care Corp., 861 F. App'x 634, 636 (6th Cir. 2021) (quoting Kirby v. Macon County, 892 S.W.2d 403, 409 (Tenn. 1994) [quoting Black's Law Dictionary 1062 (6th Ed. 1990)]).

Plaintiff did not have constructive knowledge of the 45-day filing limit because her situation was not one that "cast upon [her] the duty of inquiring into it", as her employer ATF had already represented to her that she could not file an EEO complaint until after she had exhausted the internal ATF grievance process. [Viup Affidavit, ¶3]

8

Third, Plaintiff was diligent in pursuing her rights. Plaintiff's employer, ATF, had represented to Plaintiff that she could not file a complaint with the EEO until after she had exhausted the internal ATF grievance process. [Viup Affidavit, ¶3] Plaintiff first experienced sexual harassment and a hostile work environment at ATF in May 2021, and in June 2021, Plaintiff met with two of her supervisors (Jack Morgan and Joseph Persails) and reported the sexual harassment and hostile work environment to them in order to begin the internal ATF grievance process. [Docket No. 15-2, p. 9] Plaintiff was unaware of any steps taken through the internal ATF grievance process, so on December 14, 2021, Plaintiff again met with a supervisor and reported sexual harassment and a hostile work environment that Plaintiff had been subjected to that very day. [Docket No. 15-2, p. 11] On or about December 15, 2021, Plaintiff prepared a memo requesting authorization to work remotely, in which she described the sexual harassment and hostile work environment she had been exposed to. [Docket No. 15-2, p. 15] On December 16, 2021, Plaintiff was informed by a supervisor at ATF that her memo would be sent to ATF's Internal Affairs Department ("AFD"). [Docket No. 15-2, p. 15] Because ATF had represented to Plaintiff that she could not file a complaint with the EEO until after she had exhausted the ATF internal grievance process, Plaintiff waited until the investigation had been completed by ATF's IAD before she filed her EEO complaint. [Viup Affidavit, ¶3]

ATF's IAD completed its investigation when it made the decision on March 13, 2023 to suspend Plaintiff [Docket No. 15-2, p. 3] in retaliation for her reporting sexual harassment. On April 13, 2023, within 45 days of the conclusion of ATF's IAD investigation, and therefore the internal ATF grievance process, on March 13, 2023, which ATF had represented to Plaintiff was the time that she could then file a complaint with the EEO [Viup Affidavit, ¶3], Plaintiff filed a complaint with the EEO. [Docket No. 13-2, p. 5] Plaintiff diligently pursued her rights since the first day that she was subjected to sexual harassment and a hostile work environment.

9

Fourth, there is an absence of prejudice to the Defendant because as explained above, Plaintiff reported the sexual harassment and hostile work environment to her employer ATF multiple times since it began, and she diligently pursued her rights through complying with an ATF IAD investigation into her complaints. [Docket 15-2, pp. 9-15] ATF's IAD thoroughly investigated Plaintiff's complaint prior to Plaintiff filing a claim with the EEO, and as such there is no prejudice to the Defendant if Plaintiff's claims are equitably tolled.

Fifth, Plaintiff was reasonable in her lack of knowledge of the filing requirement because, as stated above, ATF did not inform Plaintiff that there was a 45-day filing deadline with the EEO and ATF represented to Plaintiff that she could not file a complaint with the EEO until after she had exhausted the internal ATF grievance process. [Viup Affidavit, ¶3] Plaintiff did exactly as ATF represented to her that she was required to do, and exhausted the internal ATF grievance process before filing a complaint with the EEO within 45 days of the end of the internal ATF grievance process. [Docket No. 15-2, pp. 9-15; Docket No. 13-2, p. 5]

For the reasons above, if the Court determines that Plaintiff was informed of the 45-day time limit to file an EEO deadline, Plaintiff's first cause of action for sexual harassment and third cause of action for hostile work environment should be equitably tolled.

IV. **DEFENDANT HAS NOT MET HIS BURDEN PURSUANT TO FRCP 12(B)(6) TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION FOR RETALIATION FOR REPORTING SEXUAL HARASSMENT BECAUSE PLAINTIFF ADMINISTRATIVELY EXHAUSTED THE CLAIM**

Defendant argues that Plaintiff "did not initiate or administratively exhaust a retaliation claim for her suspension or anything else" because Plaintiff failed "to include a retaliation claim in an EEO complaint". [Docket No. 33, pp 11-12] However, the Sixth Circuit Court of Appeals stated in 2023 that an EEO claim must only "describe *generally* the action or practices complained of." Santiago v. Meyer Tool Inc., U.S. App. LEXIS 14469, at *27 (6th Cir. 2023) (quoting Younis

10

v. Pinnacle Airlines, Inc., 610 F.3d 359, 361 (6th Cir. 2010) [quoting 29 C.F.R. § 1601.12(b)]) (emphasis supplied). In the Sixth Circuit:

> [T]he court…considers claims that are "reasonably related to or grow out of the factual allegations in the EEO[] charge."…A claim is "reasonably related" to an EEO[] charge when it falls within the scope of that charge or includes language that "would have put…the employer on notice that [the employee] was alleging" that claim.

Santiago, U.S. App. LEXIS 14469, at *27-28 (quoting Younis, 610 F.3d at 362 [2010]). Plaintiff has met this requirement of providing sufficient information to put her employer (ATF) on notice that Plaintiff was alleging retaliation for reporting sexual harassment, and Plaintiff's claim of retaliation for reporting sexual harassment is reasonably related to and grows out of the factual allegations of Plaintiff's claim for discrimination on the basis of sex due to her five-day suspension, as Defendant has admitted that Plaintiff claimed in her EEO complaint. [Docket No. 33, p. 13]

    Plaintiff placed into the EEO investigation record an affidavit written and signed by Plaintiff on January 3, 2024, detailing her claims in full, in which she provided the Department adequate notice that Plaintiff was claiming that ATF's disciplinary actions against her were retaliatory. [Docket No. 15-2, pp. 1-30] Plaintiff explained in her signed affidavit to the EEO, which was placed into the EEO record, that although she repeatedly reported SA Sanchez's sexual harassment of her to her supervisors, no action was taken until the sexual harassment and hostile work environment became so severe and intolerable that Plaintiff requested authorization to work remotely in a memo Plaintiff wrote on or about December 15, 2021. [Docket No. 15-2, p. 25] Plaintiff's memo stated that she was seeking authorization to work remotely due to SA Sanchez making her for unsafe at work through his sexual harassment. [Docket No. 15-2, p. 25] Upon receiving Plaintiff's memo, her supervisor Tommy Estevan told Plaintiff to add further information regarding SA Sanchez's misconduct to Plaintiff's memo and to resubmit it. [Docket No. 15-2, p. 25] In Plaintiff's signed affidavit that is a part of the EEO record, Plaintiff stated when she rewrote

11

the memo and added details of SA Sanchez's misconduct toward Plaintiff, she reported to one of her supervisors that Plaintiff "feared <u>retaliation</u> by SA Sanchez if he learned that [Plaintiff] had submitted a memo reporting his conduct." [Docket No. 15-2, p. 25 (emphasis supplied)]

Plaintiff's signed affidavit stated that on December 16, 2021, she was told by one of her supervisors that her memo was originally going to be handled internally, but that after seeing her updated memo with the specific examples of SA Sanchez's misconduct against Plaintiff, which was sexual harassment, her supervisor would be referring the memo to the ATF Internal Affairs Department (hereinafter referred to as "IAD"). [Docket No. 15-2, p. 25] As a result of Plaintiff's memo reporting SA Sanchez's sexual harassment against Plaintiff, IAD began an investigation into the sexual harassment, and Plaintiff was interviewed twice by IAD, which Plaintiff described in her signed affidavit to the EEO:

> In the two IAD interviews I participated in, I was referred to as a "witness" both times. During the interviews, I also expressed my continued <u>fear in retaliation for reporting misconduct</u> on the part of SA Sanchez and the sequence of events and inaction on the part of LFD to take my situation seriously. At this time, I was asked if I knew of any other incidents of misconduct and provided a truthful response to all of IAD['s] questions, specifically that I had knowledge of SA Sanchez mishandling evidence that he had received from another federal agency.

[Docket No. 15-2, p. 20]

As a result of this investigation by ATF IAD into the sexual harassment that Plaintiff had reported that her male co-worker was subjecting her to, and as Plaintiff wrote in her formal administrative EEO complaint, IAD proposed that Plaintiff be disciplined with a "five-day suspension". [Docket No. 13-3, pg. 1] Plaintiff's statement in her signed affidavit, which she placed into the EEO record, that she was suspended from work by IAD for truthfully answering IAD's questions when interviewed as part of IAD's investigation into Plaintiff's report that she was being sexually harassed by a co-worker, was sufficient to "describe generally" her claim of

12

retaliation for reporting sexual harassment using language that put "the employer on notice that" Plaintiff was alleging such. See Santiago, U.S. App. LEXIS 14469, at *27-28 (2023) (quoting Younis, 610 F.3d at 361-362 [2010]). Further, Plaintiff's claim of retaliation for sexual harassment is "reasonably related to or grow[s] out of the factual allegations in the EEO[] charge" for Plaintiff's claim for discrimination based on sex, which was based on the unfair penalty Plaintiff received, which penalty was given to her as retaliation for her reporting sexual harassment. See Id. (quoting Younis, 610 F.3d at 361-362 [2010]).

Despite Defendant's assertion that Plaintiff failed "to include a retaliation claim in an EEO complaint" [Docket No. 33, pp 11-12], Plaintiff did, in fact, present her retaliation claim to the EEO in her signed affidavit, which she placed into the EEO record, with sufficient detail, and met the requirement that an EEO complaint only has to "describe *generally* the action or practices complained of." Santiago, U.S. App. LEXIS 14469, at *27 (2023) (quoting Younis, 610 F.3d at 361 [2010] [quoting 29 C.F.R. § 1601.12(b)]) (emphasis supplied).

For the above reasons, Defendant's Motion to Dismiss Plaintiff's second cause of action for retaliation for reporting sexual harassment due to an alleged failure to exhaust her administrative remedies must be denied. If Defendant's Motion to Dismiss is converted to a motion for summary judgment, Defendant's request that Plaintiff's second cause of action be dismissed must still be denied, as the Court must "view all of the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in the nonmoving party's favor", and under that standard, Defendant has not shown "that there are no genuine issues of material fact and that [Defendant] is legally entitled to judgment." Willard, 952 F.3d at 805-06 (2020).

## **CONCLUSION**

For the reasons above, Defendant's Motion to Dismiss must be denied. If the Court considers the improperly attached exhibits in Defendant's Motion to dismiss and converts the

13

motion to a motion for summary judgment, Plaintiff "must be given a reasonable opportunity to present all the material that is pertinent to the motion" to dismiss, pursuant to pursuant to FRCP Rule 12(d). FRCP Rule 12(d).

Dated: March 28, 2025
     Latham, New York

Yours, etc.,
LUIBRAND LAW FIRM, PLLC

*Kevin A. Luibrand*

Kevin A. Luibrand, Esq.
Federal Bar Roll #: 102083
*Attorneys for Plaintiff Lauren Viup*
950 New Loudon Road, Suite 270
Latham, New York 12110
Tel.: (518)783-1100
Fax: (518)783-1901
E-mail: kluibrand@luibrandlaw.com