UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LAUREN VIUP                                                                                                           PLAINTIFF

v.                                            CIVIL ACTION NO: 3:25-CV-00001-DJH-CHL (*e-filed*)

MERRICK GARLAND, in his official
capacity as ATTORNEY GENERAL
OF THE UNITED STATES                                                                                    DEFENDANT

### REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

**I.     The motion to dismiss was accompanied by proper exhibits; they are also re-attached to this reply in rebuttal to Viup's defense of her untimely claims.**

The motion to dismiss explains that Viup was employed in Louisville to February 2022, failed to report misconduct in that time, received a five day suspension over a year after her departure, and first initiated EEO contact in April 2023 with a single claim of sex discrimination over her March 2023 suspension for failure to report misconduct.  (Doc. 33, PageID.24-26.). The motion also explains that in July 2023, Viup filed a complaint for sex discrimination, seeking that her suspension be overturned and removed from her record, and back pay for those five days.  (Doc. 33, PageID.26.).  Viup offers no contravention to those facts, or objection to the Court's consideration of those facts or the exhibits establishing them, conceding that her EEO activity occurred well beyond the 45 day deadline for everything except for her suspension. (Doc. 34, PageID.66-79.).

Viup's response notes that the motion to dismiss anticipated her previously-submitted argument that she claimed an exception to the 45 day time limit for EEO contact.  (Doc. 34, PageID.68; see also Doc. 15, p. 16-18.).  The Court could not address Viup's defenses for her

untimely EEO activity without consideration of evidence, and Viup herself included such evidence with that defense in her response, as she had with prior briefing on that claim. (Doc. 34-1; see also Doc. 15-3.). The Court can properly consider facts when weighing a motion to dismiss and a plaintiff's assertion of defenses or equitable tolling against the 45 day EEO deadline, without converting the motion to dismiss into a motion for summary judgment. See *Truskey v. Perdue*, No. 5:19-CV-51-BJB, 2021 WL 9316104, at *4–5 (W.D. Ky. July 30, 2021), *aff'd sub nom. Truskey v. Vilsack*, No. 21-5821, 2022 WL 3572980 (6th Cir. Aug. 19, 2022). To the extent that Viup argues that the United States should have reserved facts for a reply to her response and the defenses and factual assertions she included in it, such objection is obviated by the resubmission of those facts in this reply, in response to her untimeliness defense and related factual assertions: Viup had actual, constructive, and explicit notice of the 45 day filing deadline. (Exh. 1, Diconi Dec. at 1-2, ¶¶ 3-7; 3, "Completed Items"; 16, "Filing a Complaint; Exh. 2, Morrow Dec. at 1-2, ¶¶ 2, 4-7; Exh. 3, Young Dec. at 1-2, ¶¶ 3-6.). If the Court instead accepts Viup's argument that exhibits other than EEO documents cannot be considered in the context of a motion to dismiss, the record then becomes that Viup missed the 45 day deadline for all but her discrimination claim over her suspension.

## II.     Viup did not present or administratively exhaust a retaliation claim.

Viup's initial EEO contact addressed only a single count of sex discrimination, her EEO complaint alleged only discrimination, she checked boxes for discrimination but not retaliation on her complaint form, and the only remedies she sought related to the suspension for which she alleged discrimination. (Doc. 13-2 at 1-2, 5, 6-7, 8, 9; Doc. 13-3 at 1, 2-5, 10.). Her notice of acceptance of claims included one claim of discrimination, one claim of hostile work environment noted as untimely, and an instruction that if she or her attorney believed a claim had

not been correctly identified, she should notify the agency and amend her complaint at any time. (Doc. 13-3 at 1, Doc. 13-4 at 1-3.). The motion argues that Viup's failure to allege retaliation constituted a failure to exhaust that allegation. (Doc. 34, PageID.34-38.).

To claim she actually exhausted a retaliation claim, Viup relies on a single case, *Santiago v. Meyer Tool Inc.*, U.S. App. LEXIS 14469, 2023 WL 3886405 (6th Cir. 2023) (Doc. 34, PageID.76-78), but that case illustrates why her retaliation claim was unexhausted. *Santiago* notes that "[t]he charge must be 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Id*. at *9. Viup then rests her argument not on her charge, as *Santiago* requires, but instead on an affidavit she executed several months after her charges. (Doc. 34, PageID.76.). Viup only had two filed and accepted claims: one for sex discrimination over her March 2023 suspension, and one, accepted as untimely, for hostile work environment. (Doc. 33, PageID.26-27; Doc. 13-3 at 1; Doc. 13-4 at 1.). Viup and the attorney representing her were informed that they should notify the agency about any claims that were not correctly identified, and that she could amend her complaint to include other issues or claims. (Doc. 33, PageID.27; Doc. 13-4 at 2.). Viup never administratively presented or exhausted a charge of retaliation, as *Santiago* explains is required. 2023 WL 3886405 at *9. That is especially true given that *Santiago* notes that liberal construction of charges is appropriate for pro se individuals, while Viup was represented by counsel as she presented and exhausted her claims. *Id*.; Doc. 13-2 at 4-5, Doc. 13-3 at 1, 10.). Viup presented neither the charge or the precision that *Santiago* requires. *Id*. ("[t]he charge must be 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.").

"A claim is 'reasonably related' to an EEOC charge when it falls within the scope of that charge or includes language that 'would have put the EEOC or the employer on notice that [the

3

employee] was alleging' that claim. *Santiago*, 2023 WL 3886405 at *9 (citations omitted). Viup's sole EEO claims were that her suspension was based on sex and that SA Sanchez discriminated against and subjected her to a hostile work environment based on sex. (Doc. 13-4 at 1-2.). Her EEO complaint was only of discrimination, explicitly excluding retaliation. (Doc. 13-3 at 1.). Retaliation does not fall within the scope of a charge of discrimination, nor did Viup's language put anyone on notice that she was alleging retaliation. That is especially true given that she had the option of checking a box on the complaint form for retaliation and didn't do so; Viup makes no effort to address those cases holding that failure to check that box and explain a separate retaliation claim means a plaintiff did not exhaust a retaliation claim. (Doc. 33 at 36-37, citing *Younis v. Pinnacle Airlines, Inc*., 610 F.3d 359, 363 (6th Cir. 2010); *Abeita v. TransAmerica Mailings, Inc.,* 159 F.3d 246, 254 (6th Cir. 1998); and *Deister v. Auto Club Ins. Ass'n*, 647 F. App'x 652, 658 (6th Cir. 2016).

Viup's argument for exhaustion rests on repeated citations to a single allegation of potential, not actual, retaliation by a co-worker buried in a thirty page affidavit she submitted in January 2024, many months after her July 2023 EEO complaint. (Doc. 34, PageID.76-77; Doc. 15-2 at 20, 25; Doc. 13-3 at 1.). Viup's thirty page, single spaced declaration includes answers to questions specifically about what she alleged to be harassment and a hostile work environment caused by a line co-worker, SA Sanchez. (Doc. 15-2 at 9-28, questions 27-37.). In her twenty pages of single spaced responses to those questions about alleged harassment, Viup referred to telling supervisors that she feared potential future retaliation from SA Sanchez in the event that he might learn of what she said in the internal affairs investigation: "I also informed A/GS Knotts that I feared retaliation by SA Sanchez if he learned I had submitted a memo reporting his misconduct." (Doc. 15-2 at 11 and repeated verbatim at 15 and 25 and again at 18, 19, 20, 21,

4

and 23; see also Doc. 15-2 at 13 and repeated verbatim at 17 and 27 ("Supervisory agents … acknowledged … abusive and unprofessional conduct on the part of SA Sanchez … to include threats of retaliation"; Doc. 15-2 at 18, SA Sanchez's alleged "threat of using his family's connections to retaliate against me".).

Viup's narrative was that she feared that SA Sanchez might potentially retaliate against her in the future if he learned what she reported about him. (*Id.*). She made no allegation of retaliation by a supervisor. (*Id.*). She also made no allegation that retaliation actually occurred, or should be investigated. (*Id.*). She also made no allegation that any retaliation was related to EEO activity, as is required to be actionable under Title VII. 42 U.S.C. § 2000e-3(a) establishes that retaliation under Title VII is based on opposition to any unlawful employment practice, as opposed to what might come to pass in the future, or for activities taken in a Title VII proceeding, which Viup states didn't happen until after the IAD investigation concluded. See *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 720 (6th Cir. 2008) ("In order to establish a prima facie case of retaliation under Title VII, an employee must establish that (1) he or she engaged in protected activity…"). The explanation in Viup's briefing does not set forth a viable retaliation claim, or give notice of one, or a need to investigate any such claim.

Viup claims that she told her supervisors of a fear of potential, future retaliation during an Internal Affairs Division (IAD) investigation of her failure to report Sanchez improperly storing seized evidence at her home, and that she did not engage in EEO activity until after that IAD investigation concluded. (Doc. 34, PageID.76-78; Doc. 15-2 at 4-28; Doc. 34, PageID.74, "Plaintiff waited until the investigation had been completed by ATF's IAD before she filed her EEO complaint."). Months after filing, with the assistance of counsel, claims that didn't include retaliation, Viup said she thought another line agent might potentially retaliate against her in the

5

future for reporting his misconduct during an internal affairs investigation of her misconduct, not for EEO activity (which hadn't yet occurred); that does not constitute a claim of retaliation, nor put anyone on notice that she wanted to add an additional charge of retaliation.  Viup's claimed fear in an internal affairs investigation of potential future retaliation from a non-managerial co-worker is not something that "falls within the scope of that [initial discrimination] charge or includes language that 'would have put the EEOC or the employer on notice that [the employee] was alleging' that claim.  *Santiago*, 2023 WL 3886405 at *9.

Viup didn't file an EEO charge for retaliation, as is required.  *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010); *Santiago*, 2023 WL 3886405 at *9.  She offers no support for the notion that her mere statement that she thought another line agent might retaliate against her if he learned what she reported about him was sufficient to "put the EEOC or the employer on notice that [she] was alleging'" a retaliation claim, *Santiago*, 2023 WL 3886405 at *9, especially where she explicitly avoided indicating she alleged retaliation.  (Doc. 13-1 at 1; *Younis*, 610 F.3d at 363; *Abeita*, 159 F.3d at 254; *Deister*, 647 F. App'x at 658.).  Actionable retaliation must be for protected activity, which is opposition to an unlawful employment practice or participation in a EEO process, 42 U.S.C. § 2000e-3(a), but only Viup argues that she mentioned potential future retaliation from a co-worker in an internal affairs investigation.  (Doc. 34, PageID.74, 76-78; Doc. 15-2 at 4-28.).  Her participation in an internal affairs investigation is not protected activity under Title VII, and she cannot proceed with a retaliation claim under Title VII for her claimed fear of potential future retaliation from a line co-worker if he learned of what she reported in an internal affairs investigation long before any EEO activity.

**III.    Viup's sexual harassment and hostile work environment claims are time barred; the United States accepts Viup's invitation to "conduct discovery in connection therewith" in order to create a stronger record to support the dismissal of those claims.**

Viup invites the Court to "convert Defendant's Motion to Dismiss to a motion for summary judgment and allow Plaintiff to conduct discovery in connection therewith". (Doc. 34, PageID.69.). If the Court sees fit to take that route for any issue raised in this motion, the United States will readily conduct discovery and litigate or re-present this issue either through the current motion to dismiss or as a motion for summary judgment after the parties are, in Viup's wording, "given a reasonable opportunity to present all the material that is pertinent to the motion". (Doc. 34, PageID.79.). In particular, in the context of Viup's specious and undetailed declaration (Doc. 34-1), the United States joins Viup's invitation to the Court to allow the parties to conduct discovery regarding the untimeliness of Viup's claims and to present the issue to the Court with a fully developed factual record.

**IV.    Conclusion**

The Court should dismiss Viup's retaliation claim under Rule 12(b)(6) because she never presented or exhausted it. The Court should either decide the United States' motion to dismiss Viup's untimely sexual harassment and hostile work environment claims after the parties conduct discovery related to her related defenses, or defer consideration of such dismissal until a summary judgment motion to be filed at the conclusion of discovery in this matter.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*s/ Jason Snyder*
Jason Snyder
Assistant United States Attorney

7

          717 West Broadway
          Louisville, KY 40202
          (502) 582-6993
          jason.snyder@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the plaintiff.

          *s/ Jason Snyder*
          Jason Snyder
          Assistant United States Attorney
          717 West Broadway
          Louisville, KY 40202
          (502) 582-6993
          jason.snyder@usdoj.gov