UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LAUREN VIUP,                                                                    Plaintiff,

v.                                                              Civil Action No. 3:25-cv-01-DJH-CHL

PAMELA BONDI, U.S. Attorney General,                                       Defendant.[1]

* * * * *

## MEMORANDUM AND ORDER

Plaintiff Lauren Viup sued the U.S. Attorney General, asserting claims of sexual harassment, retaliation, hostile work environment, and sex discrimination under Title VII of the Civil Rights Act of 1964 for events that allegedly transpired during and after Viup's employment with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in Louisville, Kentucky. (Docket No. 2-1)  The Attorney General moves for partial dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that all but one of Viup's claims are time-barred and administratively unexhausted. (D.N. 33)  In response, Viup contends that because the Attorney General attached non-pleading materials to the motion, it should be converted to a motion for summary judgment and the parties should be allowed time for discovery or, in the alternative, that the Court should equitably toll the relevant claims and find that each of the claims was administratively exhausted. (D.N. 34, PageID.66–67)  After careful consideration, the Court will convert the partial motion to dismiss to a motion for partial summary judgment, deny the converted motion without prejudice, and allow limited discovery into the issues of timeliness, administrative exhaustion, and equitable tolling for the reasons explained below.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the current U.S. Attorney General has been automatically substituted as the defendant.

## I.

The following facts are set out in the complaint and accepted as true for purposes of the motion to dismiss. *See Siefert v. Hamilton Cnty.*, 951 F.3d 753, 757 (6th Cir. 2020) (citing Fed. R. Civ. P. 12(b)(6)). Viup worked as a special agent in the ATF Louisville Field Division from April 2019 to February 2022. (D.N. 1, PageID.2 ¶ 12) She was engaged in a relationship with another ATF agent, Special Agent Alexander Sanchez, prior to Viup's termination of the relationship in March 2021. (*Id.*, PageID.2 ¶ 13) Between September 2019 and March 2021, Viup was subjected to verbal, "physical . . . [, and] psychological abuse" by Sanchez. (*Id.*, PageID.2–4 ¶¶ 14–29) From March 2021 to February 2022, Sanchez subjected Viup to sexual harassment, a hostile work environment, and retaliation for reporting the harassment; ATF supervisors and managers failed to properly intervene, report, and address this conduct. (*Id.*, PageID.4–14 ¶¶ 30–109) An Internal Affairs Division (IAD) investigation was opened in February 2022, and after multiple requests, Viup was granted a transfer to work in New York due to Sanchez's conduct. (*Id.*, PageID.7 ¶ 52; *id.*, PageID.10–13 ¶¶ 76–100) In February 2023, Viup received a five-day suspension after admitting in an IAD interview that she had not reported Sanchez for taking and storing ATF evidence in her residence during their relationship. (*Id.*, PageID.15, 16 ¶¶ 115, 124–27) Viup filed a complaint with the Equal Employment Opportunity Commission (EEOC) on July 26, 2023, alleging discrimination on the basis of sex and requesting that the suspension be overturned and removed from her record. (*Id.*, PageID.1 ¶ 4; *see also* D.N. 13-3 (EEO complaint)) Viup was provided a Notice of Right to Sue on March 5, 2024, by the EEOC. (D.N. 1, PageID.1 ¶ 5)

Viup filed this action in the U.S. District Court for the District of Columbia, alleging sexual harassment, retaliation, hostile work environment, and sex discrimination under Title VII. (*See*

D.N. 2-1)  The case was then transferred to the Western District of Kentucky under 28 U.S.C. § 1404(a) after the D.C. District Court found that venue was improper there.  (*See* D.N. 17)  The Attorney General now moves for partial dismissal of Viup's complaint for failure to state a claim.[2] (D.N. 33)  Specifically, the Attorney General argues (1) that the hostile-work-environment and sexual-harassment claims are time-barred because the alleged events took place more than 45 days before Viup's initial EEO activity, *see* 29 C.F.R. § 1614.105(a)(1); (2) that the hostile-work-environment and sexual-harassment claims were not administratively exhausted; (3) that Viup is not entitled to equitable tolling of her hostile-work-environment and sexual-harassment claims; and (4) that Viup failed to administratively exhaust her retaliation claim and any discrimination claim related to conduct other than her five-day suspension.  (D.N. 33, PageID.28–38)

## II.

"[A]t the motion-to-dismiss stage, a federal court may consider only the plaintiff's complaint."  *Watermark Senior Living Ret. Cmtys., Inc. v. Morrison Mgmt. Specialists*, 905 F.3d 421, 425 (6th Cir. 2018) (quoting *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014)).  "If, on a motion under 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d); *see also Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (holding that district court properly converted motion where movant attached an executive's affidavit to its reply brief).  "An exception to this rule exists for documents referenced or quoted in the complaint, as well as public records that refute the plaintiff's claim; such documents may be

---

[2] Because the Attorney General does not seek dismissal of the entire case (*see, e.g.*, D.N. 33, PageID.39 ("The Court should dismiss under Rule 12(b)(6) Viup's sexual harassment, hostile work environment, and retaliation claims, along with any discrimination claim other than for her 2023 suspension . . . .")), the Court construes the motion as a partial motion to dismiss.

attached to the defendant's motion to dismiss and properly considered without converting the motion to dismiss into a Rule 56 motion for summary judgment." *Clayton v. Tri City Acceptance, Inc.*, No. 3:18-CV-308-DJH-LLK, 2019 WL 13116556, at *2 (W.D. Ky. Jan. 17, 2019) (citation modified) (quoting *Watermark Senior Living*, 905 F.3d at 425).

The Attorney General attached four documents in support of the partial motion to dismiss. Three are declarations by AFT employees regarding posters and trainings at Viup's Louisville workplace that the Attorney General argues would have put Viup on notice of the 45-day EEO requirement. (D.N. 33-1; D.N. 33-2; D.N. 33-3; *see also* D.N. 33, PageID.25) The Attorney General also attached slides from the relevant training and a log showing that Viup completed the training on multiple occasions. (*See* D.N. 33-1, PageID.42–57) Viup argues that the inclusion of these materials was "improper" and that the Court must convert the motion under Rule 12(d) if it considers them. (D.N. 34, PageID.68–69)

The attachments are central to consideration of the motion to dismiss; although EEO complaints require contact with an EEO counselor within 45 days of the allegedly discriminatory conduct, this limit is extended where the individual was not notified of the 45-day limit, *see* 29 C.F.R. § 1614.105(a). But as noted by Viup (D.N. 34, PageID.69), these supporting declarations and training materials were not referenced or quoted in the complaint. (*See* D.N. 1) And while the Attorney General correctly states that EEOC correspondence and public records may be considered with a Rule 12(b)(6) motion, *see, e.g.*, *Allen v. Univ. of Louisville Physicians, Inc.*, No. 3:23-CV-397-RGJ, 2024 WL 629848 n.5 (W.D. Ky. Feb. 14, 2024) (EEOC charge); *Wyser–Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir.2005) (public records), the attachments are neither public records nor EEOC correspondence. (*Compare* D.N. 33, PageID.25–26 n.1, *with* D.N. 33-1; D.N. 33-2; D.N. 33-3). Citing *Truskey v. Perdue*, No. 5:19-CV-51-BJB,

2021 WL 9316104 (W.D. Ky. July 30, 2021), *aff'd sub nom. Truskey v. Vilsack*, No. 21-5821, 2022 WL 3572980 (6th Cir. Aug. 19, 2022), the Attorney General also argues that "[t]he Court can properly consider facts when weighing [EEO-timeliness arguments in a 12(b)(6)] motion" without conversion. (D.N. 37, PageID.87) But *Truskey* is inapposite because the court there considered factual findings from the administrative record, not evidence that the plaintiff was on notice of the 45-day requirement. *See Truskey*, 2021 WL 9316104, at n.3 (noting consideration of administrative record is proper when analyzing whether plaintiff's claims are time-barred).

In sum, the attachments require conversion of the partial motion to dismiss to a motion for partial summary judgment. Fed. R. Civ. P. 12(d). In anticipation of conversion, Viup requests the opportunity "to conduct discovery in connection" to the relevant issues (D.N. 34, PageID.69). *See* Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). The Attorney General agrees that discovery is appropriate if the Court converts the motion. (D.N. 37, PageID.92 ("[T]he United States will readily conduct discovery and litigate or re-present this issue."; "[T]he United States joins Viup's invitation to the Court to allow the parties to conduct discovery regarding the untimeliness of Viup's claims and to present the issue to the Court with a fully developed factual record.")) Therefore, the Court will deny the motion without prejudice and, by agreement of the parties, allow limited discovery to fully develop the timeliness issues.[3] *See Diversified Air Sys., Inc. v. Westfield Ins. Co.*, No. 3:23-CV-173-DJH, 2024 WL 4016782, at *3–4 (W.D. Ky. Mar. 25, 2024); *see also Middleton v.*

---

[3] Given the interrelated timing and exhaustion arguments made by the parties, the Court finds it appropriate to consider the Attorney General's argument that the retaliation claim was not administratively exhausted (*see* D.N. 33, PageID.34–38) at the same time that it addresses the Attorney General's other arguments in the motion for partial summary judgment.

*SelecTrucks of Am., LLC*, No. 3:17-CV-00602-RGJ, 2019 WL 1139502 (W.D. Ky. Mar. 12, 2019) (converting partial motion to dismiss to motion for partial summary judgment).

### III.

For the reasons set out above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    The Clerk of Court is **DIRECTED** to substitute Pamela Bondi, U.S. Attorney General, as the defendant in the record of this matter.

(2)    The Attorney General's partial motion to dismiss (D.N. 33) is **CONVERTED** to a motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 12(d) and **DENIED** without prejudice.

(3)     The parties shall conduct targeted discovery on the issues of administrative exhaustion, EEO timeliness, and equitable tolling only.  Discovery shall be completed within **ninety (90) days** of entry of this Order.

(4)    This matter is **REFERRED** to U.S. Magistrate Judge Colin H. Lindsay to set a schedule for expedited limited discovery on the issues of administrative exhaustion, EEO timeliness, and equitable tolling as well as a briefing schedule for any renewed motion for partial summary judgment.

March 5, 2026

**David J. Hale, Chief Judge**
**United States District Court**