**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:25-CV-00001-DJH-CHL**

**LAUREN VIUP,**                                                                       **Plaintiff,**

**v.**

**PAMELA BONDI,**                                                                   **Defendant.**

## ORDER

This matter came before the Court for a telephonic status conference on March 20, 2026. Kevin Luibrand appeared on behalf of the Plaintiff.  No counsel appeared on behalf of the Defendant.  Plaintiff's counsel advised that he and attorney Snyder had previously exchanged emails regarding certain personal commitments that he suspected might explain any absence this morning.  However, attorney O'Tousa was also not on the call.  Defendant's counsel is reminded that the Court sets conferences telephonically as a convenience to and cost-saving measure for the Parties.  But a telephonic conference is still a court proceeding for which the Court expects counsel to appear on time.

The Court had previously ordered the Parties to confer and propose a schedule in accordance with the targeted discovery ordered by the Court's March 5, 2026, Memorandum Opinion and Order (DN 40).  (DN 41.)  The Parties did so as directed.  (DN 42.)  Based on the Parties' proposal and the discussion during the call,

IT IS HEREBY ORDERED as follows:

(1)      Attorney Christina O'Tousa shall request efiling privileges in this District through her PACER account pursuant to the instructions previously provided by the Clerk's Office.

(2)     The Parties shall serve discovery demands with respect to the limited issues of administrative exhaustion, EEO timeliness, and equitable tolling on or before **March 26, 2026**.

(3)     All discovery responses to requests served pursuant to Paragraph 2 shall be served on or before **April 6, 2026**.

(4)     On or before **April 30, 2026**, the Parties shall conduct the deposition of the Plaintiff via remote means.  Plaintiff shall be produced by counsel without a subpoena pursuant to the Parties' agreement.

(5)     On or before **May 15, 2026**, the Parties shall conduct the deposition of Joseph Persails via remote means.  Defendant shall produce Persails without subpoena or further notice pursuant to the Parties' agreement.

(6)     The Parties shall complete all discovery on the limited issues of administrative exhaustion, EEO timeliness, and equitable tolling on or before **June 19, 2026**.

(7)     On or before **August 4, 2026**, Defendant shall file her motion for summary judgment on the limited issues of administrative exhaustion, EEO timeliness, and equitable tolling.

(8)     Plaintiff's response to Defendant's summary judgment motion shall be filed on or before **September 4, 2026**.

(9)     Defendant's reply in support of her motion shall be filed on or before **September 18, 2026**.

(10)   No motion pertaining to discovery may be filed without first having a joint telephonic conference with Magistrate Judge Lindsay arranged through his chambers. Counsel shall e-mail the undersigned's Case Manager, Theresa Burch,

at theresa_burch@kywd.uscourts.gov, and copy all counsel of record to schedule the conference. Counsel shall include a short, non-argumentative statement regarding the general nature of the dispute (*e.g.* "Counsel would like to discuss the sufficiency of plaintiff's/defendant's responses to written discovery") but shall refrain from including substantive legal arguments or lengthy recitations of the facts underlying the dispute.

cc:    Counsel of Record

0|5

3